IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

EARL C. MAGWOOD,

                Petitioner,

v.                                                                         OPINION and ORDER

FCI WARDEN KEYES,                                                23-cv-665-jdp

                Respondent.

---

Earl C. Magwood, appearing pro se, is incarcerated at the Federal Correctional Institution in Oxford, Wisconsin. Magwood has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking an order directing the Bureau of Prisons to apply 145 days of First Step Act time credits that would entitle him to earlier placement in prerelease custody or supervised release. But Magwood concedes that he has not exhausted his administrative remedies for his request, so I will deny his petition without prejudice.

Courts generally require a prisoner to exhaust the BOP's administrative remedies before bringing a § 2241 action. *See Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004); *Anderson v. Miller*, 772 F.2d 375, 376–77 (7th Cir. 1985). To start the process, the prisoner must file an informal complaint with BOP staff. 28 C.F.R. § 542.13(a). If the prisoner cannot informally resolve his complaint, he must file an administrative remedy request on a BP-9 form within 20 days after the incident at issue. 28 C.F.R. § 542.14(a). If the prisoner is unsatisfied with the warden's response, he may submit an appeal on a BP-10 form to the Regional Director within 20 days. 28 C.F.R. § 542.15(a). If the prisoner is unsatisfied with the Regional Director's response, he may submit an appeal on a BP-11 form to the Office of General Counsel within 30 days. *Id.*

Magwood states that he filed a BP-9 form challenging the denial of his credits, but the warden refuses to respond, which Magwood contends violates his due process rights because the lack of response makes him unable to file an appeal. Magwood is incorrect about the consequences of the warden's failure to respond. When a prison official fails to respond to an administrative request or appeal, the prisoner "may consider the absence of a response to be a denial at that level." *See* 28 C.F.R. § 542.18. So Magwood still has an opportunity to exhaust the remaining levels of the administrative process by treating the warden's non-response as a denial of his request and filing an appeal.

I may excuse a failure to exhaust where: (1) requiring exhaustion would cause prejudice because of the time required; (2) the agency cannot resolve the issue or grant the requested relief; (3) exhaustion would be futile because the agency is biased or has already determined the issue; or (4) substantial constitutional questions are raised. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004). These exceptions do not apply to Magwood. In particular, his projected release date is September 28, 2024, so if he acts promptly, he should be able to exhaust administrative remedies well before his projected release date.

ORDER

IT IS ORDERED that:

1. Earl C. Magwood's petition under 28 U.S.C. § 2241, Dkt. 1, is DISMISSED without prejudice for failure to exhaust administrative remedies.

2. The clerk of court is directed to enter judgment and close this case.

Entered November 14, 2023.

> BY THE COURT:
>
> /s/
> _____
> JAMES D. PETERSON
> District Judge